

**FILED**

**February 7, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**
**Time 1:10 PM**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
IN THE COURT OF WORKERS' COMPENSATION CLAIMS
AT MEMPHIS**

| | | |
|---|---|---|
| **Karen Powell-Kamisso,** | ) | **Docket No.: 2017-08-0078** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Health Services Management Group,** | ) | **State File No.: 1684-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **Accident Fund,** | ) | **Judge Deana Seymour** |
| **Insurance Carrier.** | ) | |
| | ) | |

---

### EXPEDITED HEARING ORDER
_____

This matter came before the Court on February 2, 2018, for an Expedited Hearing. Ms. Kamisso requested temporary partial disability benefits for two separate periods when she earned less than her regular wage due to a compensable injury. For the reasons set forth below, the Court finds Ms. Kamisso came forward with sufficient evidence to show that she likely would prevail at a hearing on the merits and is entitled to the requested benefits.

### History of Claim

Ms. Kamisso began work as a certified nursing assistant for Health Services Management Group (HSMG) on an as-needed basis. She contended she converted to full time several months after her hire; HSMG maintained it guaranteed her two work-days per two-week pay period and that those terms never changed.

Ms. Kamisso sustained an injury. HSMG accepted the claim. It provided Ms. Kamisso treatment from authorized physicians who placed lifting and bending restrictions that HSMG accommodated on two separate occasions.

While HSMG accommodated Ms. Kamisso's physical restrictions, it also reduced

her work hours from January 8 to September 9 and from November 5 to December 2. These two reductions resulted in Ms. Kamisso earning $5,040.77 less than her regular wages. Thus, Ms. Kamisso requested two-thirds of the difference in her earnings, or $3,360.51 in temporary partial disability (TPD) benefits under to Tennessee Code Annotated section 50-6-207 (2) (2017).[1] HSMG denied payment of TPD on grounds that it provided Ms. Kamisso at least two days of restricted duty per pay period according to the terms of her employment.

## Findings of Fact and Conclusions of Law

Ms. Kamisso must present sufficient evidence from which the Court can determine that she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Here, the sole issue is Ms. Kamisso's entitlement to temporary partial disability benefits. TPD is payable during the time Ms. Kamisso was able to resume some gainful employment but had not reached her maximum recovery. *Barrett v. Lithko Contracting, Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 70, at *8 (June 27, 2016). On this point, the parties agree. However, HSMG argues that Ms. Kamisso should not receive TPD because it accommodated her physical restrictions and provided her the guaranteed two days of work per pay period. The Court cannot graft this interpretation onto the TPD statute.

The statute is clear, and the Court must apply its terms as written without unduly expanding their meaning. *Shore v. Maple Lane Farms, LLC,* 411 S.W.3d 405, 420 (Tenn. 2013). The Court holds Tennessee Code Annotated section 50-6-207(2) only requires Ms. Kamisso to establish she earned less than her average weekly wage while working in a light-duty capacity. If the legislature intended entitlement to TPD to hinge on how many hours an employer guarantees under an employment contract, it could have included language to that effect.

By stipulation, Ms. Kamisso established an injury at work that resulted in temporary work restrictions. She also established the weeks during which she earned less than her average weekly wage and the amount of wages lost because of her partially disabled condition. Therefore, the Court holds Ms. Kamisso came forward with sufficient evidence to show she likely will prevail at a hearing on the merits and grants her request for temporary partial disability benefits.

---

[1] HSMG disputed her entitlement to TPD but not the calculated amount.

**IT IS, THEREFORE, ORDERED** as follows:

1. HSMG shall pay Ms. Kamisso $3,360.51 in temporary partial disability benefits for the periods of January 8 to September 9, 2017, and November 5 to December 2, 2017, representing two-thirds of the difference in her earnings due to her partially disabled condition.

2. This matter is set for a Scheduling Hearing on Monday, February 12, 2018 at 11:00 a.m. Central Time. The parties must call (615)532-9550 or toll-free (866)943-0014 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of issues without your participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Penalty Unit by email at WCCompliance.Program@tn.gov.

**ENTERED this the 7th day of February, 2018.**

_____

**JUDGE DEANA SEYMOUR**
**Court of Workers' Compensation**

## APPENDIX

Exhibits:
1) Medical records with Table of Contents (Collective)
2) Pay stubs bates-stamped as pages 70-99 on Table of Contents (Collective)
3) Form C-20 Employer's First Report of Work Injury or Illness
4) Form C-41 Wage Statement
5) Application Report, dated August 17, 2016
6) Personnel Action Form, dated August 22, 2016

Technical Record:
1) Petition for Benefit Determination
2) Dispute Certification Notice
3) Request for Expedited Hearing
4) Affidavit of Karen Powell-Kamisso
5) Motion to Allow Telephonic Appearance
6) Order Allowing Claims Handler to Appear by Telephone for Expedited Hearing
7) Employee's Pre-Hearing Brief
8) Employer's Pre-Hearing Brief
9) Employer's Exhibit List
10) Employer's Witness List

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the  7th   day of February, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Monica Rejaei, Employee's Counsel | | | X | mrejaei@nstlaw.com |
| Gordon Aulgur, Employer's Attorney | | | X | gordon.aulgur@accidentfund.com |

_____

**Penny Patterson-Shrum, Clerk**
**Court of Workers' Compensation**
**ClaimsWC.CourtClerk@tn.gov**